United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>      Plaintiffs,<br><br>  v.<br><br>NORTH COAST CONTRACTING, INC., a California Corporation,<br><br>      Defendant. | Case No. 08-3577 SC<br><br>DEFAULT JUDGMENT |

## I. **INTRODUCTION**

The present matter comes before the Court on the Motion for Default Judgment ("Motion") filed by the plaintiffs Board of Trustees et al. ("Plaintiffs"). Docket No. 7. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of the Court has entered default against the defendant North Coast Contracting, Inc. ("North Coast" or "Defendant"). Docket No. 6. On December

1, 2008, this Court issued an Order requesting additional evidence and documentation. Docket No. 17. On December 5, Plaintiffs submitted an affidavit addressing the concerns raised by the Court. Hagan Supp. Decl., Docket No. 18.[1]  For the following reasons, it is hereby ORDERED, ADJUDGED and DECREED that:

JUDGMENT shall be entered in favor of Plaintiffs Board of Trustees et al., and against Defendant North Coast Contracting.

## II.   BACKGROUND

On July 25, 2008, Plaintiffs filed a suit under sections 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and under section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Compl., Docket No. 1, at 1-2. The suit was brought in response to Defendant's alleged failure to make the required payments to various trust funds and employee benefit plans in violation of a collective bargaining agreement and certain trust agreements. Defendant became subject to the terms and conditions of the Laborers Master Agreement ("Agreement") by virtue of signing a Memorandum of Agreement with the Northern California District Council of Laborers ("Union"). Compl. at 2; Exs. A, B. Although Plaintiffs served Defendant, Defendant failed to respond or otherwise defend the action.

According to the Complaint, the Agreement and the Memorandum

---

[1] John Hagan is the Accounts Receivable Manager for the Laborers Funds Administrative Office of Northern California, Inc. He submitted a declaration in support of Plaintiffs' Motion, Docket No. 11, and one in response to this Court's December 1 Order.

of Agreement provided that Plaintiffs are permitted to audit and review all records relevant to the enforcement of the provisions of the various agreements. See Compl. at 3; Ex. A at 9. Pursuant to these provisions, Plaintiffs conducted an audit of Defendant's records for the period between January 2005 and December 2006. Compl. ¶ 11. The audit revealed that Defendant owed delinquent benefit contributions in the amount of $4,225.28. Id.; Hagan Supp. Decl. ¶ 5; Ex. A. In addition, per provisions in the Agreement and Memorandum of Agreement regarding delinquent contributions, liquidated damages and interest in the amount of $2,899.85 were assessed. Hagan Supp. Decl. ¶¶ 5-17; Ex. A-D. Finally, pursuant to the Agreement and relevant statutes, the employer is responsible for reasonable attorneys' fees and costs. See Hagan Decl. ¶ 13; 29 U.S.C. § 1132(g)(2).

### III. DISCUSSION

#### A. Legal Standard

After entry of default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b). "However, entry of default does not automatically entitle the non-defaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted." In re Villegas, 132 B.R. 742, 746 (9th Cir. BAP 1991). Rather, "the decision to enter a default judgment is discretionary." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). First, the Court must "assess the adequacy of service of process on the party against whom default is requested." Bd. of Trs. of the N. Cal.

3

Sheet Metal Workers v. Peters, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). Once the Court determines that service was sufficient, it may consider the following factors when exercising its discretion to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

**B. Analysis**

For the following reasons, the Eitel factors favor default judgment.

1. Service of Process

Service of process against Defendant was adequate. Federal Rule of Civil Procedure 4(h) provides the standards for service upon corporations, associations, or partnerships. Copies of the summons and complaint were served via mail to Defendant's principal place of business, 67 Magnolia Avenue, # E, Petaluma, California, 94955. See Docket No. 3. This same address appears on the Memorandum Agreement signed by Defendant. See Hagan Decl.

4

Ex. B.

### 2. Prejudice

Accepting the allegations in the Complaint as true, Plaintiffs would be prejudiced absent entry of default judgment. Defendant has failed and refused to make required payments into the various trust funds and employee benefit plans, in violation of a collective bargaining agreement and various trust agreements. This failure, if not remedied, will prejudice Plaintiffs.

### 3. Merits and Sufficiency of Complaint

This factor also favors entry of default judgment. Plaintiffs have sufficiently pleaded claims under ERISA and the LMRA arising from Defendant's failure to make the required payments to the joint labor-management trust funds and the employee benefit plans.

### 4. Amount of Money at Stake

The sum of money at stake weighs in favor of default judgment. Plaintiffs only seek the delinquent contributions owed by Defendant to the various plans, as calculated through an audit that had been previously agreed upon by both parties, in addition to interest and liquidated damages, which were also agreed upon by both parties pursuant to the Agreement.

### 5. Possibility of Dispute Concerning Material Facts

Upon entry of default, all well-pleaded facts in the Complaint are taken as true. Geddes, 559 F.2d at 560. After review of the Complaint, the possibility of a dispute concerning material facts appears small. This factor also weighs in favor of default judgment.

5

### 6. Whether Default Was Due to Excusable Neglect

As noted above, Defendant was properly served. Although the Defendant did not make an appearance or participate in any manner in this action, the Court finds that the possibility that default resulted from the excusable neglect of Defendant is remote. This factor therefore weighs in favor of default judgment.

### 7. Policy for Deciding on the Merits

"Cases should be decided on the merits whenever possible." Eitel, 782 F.2d at 1472. The existence of Federal Rule of Civil Procedure 55(b), however, indicates that this preference alone is not dispositive. Where, as here, a defendant fails to respond to a complaint, a decision on the merits is impractical, if not impossible. Ultimately, the preference to decide cases on the merits does not preclude a court from granting default judgment. See, e.g., Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 8. Attorneys' Fees and Costs

In addition to the delinquent contributions and liquidated damages, Plaintiffs also seek reasonable attorneys' fees. Not only do the underlying agreements provide that all of these costs be borne by the Defendant in an action such as this one, but 29 U.S.C. § 1132(g)(2) does as well. See Hagan Decl. ¶ 13. Plaintiffs seek attorneys' fees in the amount of $2,943.75. Lozano-Batista Decl., Docket No. 8, ¶ 4.[2] These fees are based on an hourly rate for Plaintiffs' counsel of $250 and $275,

---

[2] Concepcion E. Lozano-Batista is counsel for Plaintiffs.

6

1 respectively, and $125 for the paralegal. Id. ¶¶ 4, 7.

2 To determine a reasonable attorney fee award, courts employ 3 the lodestar method. Morales v. City of San Rafael, 96 F.3d 359, 4 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying 5 the number of hours the prevailing party reasonably expended on 6 the litigation by a reasonable hourly rate." Id. There is a 7 strong presumption that the lodestar figure constitutes reasonable 8 fees, and only in exceptional cases will adjustment of the 9 lodestar be appropriate. Pennsylvania v. Del. Valley Citizens' 10 Council for Clean Air, 478 U.S. 568, 564-65 (1986).

11 In assessing a reasonable hourly rate, courts should consider 12 the prevailing market rate in the community for similar services 13 by lawyers of reasonably comparable skill, experience, and 14 reputation. Blum v. Stenson, 465 U.S. 886, 895 (1984); Cancio v. 15 Fin. Credit Network, No. 04-3755, 2005 WL 1629809, at *1 (N.D. 16 Cal. July 6, 2005). Courts within this district have used 17 different methods and reached different results. Compare Yahoo!, 18 Inc. v. Net Games, Inc., 329 F. Supp. 2d 1179, 1192 (N.D. Cal. 19 2004) (employing complex formula to determine that the average 20 hourly rate in the San Francisco area around 2002 was $190 per 21 hour), with Cancio, 2005 WL 1629809 at *3 (finding that precedent 22 in the Northern District of California supported hourly rates in 23 2005 of $345 per hour and $435 per hour).

24 Determination of a reasonable hourly rate also depends on the 25 skill, experience and reputation of the attorney as well as the 26 complexity of the litigation. Counsel, in her declaration, notes 27 that Plaintiffs' senior counsel was admitted to practice in 1976

7

1 and for the last 22 years has specialized in ERISA cases. Lozano-
2 Batista Decl. ¶ 5. Lozano-Batista herself is a fifth-year
3 associate and has previously handled ERISA actions. Id. ¶ 6. In
4 light of these facts and the relevant caselaw from this district,
5 the Court concludes that the hourly rates of counsel for
6 Plaintiffs are reasonable.

7 The second lodestar factor is the reasonable number of hours
8 counsel spent prosecuting the case. If the requested number of
9 hours is greater than the number of hours reasonably competent
10 counsel would have billed, then the court should reduce the
11 requested number of hours accordingly. Hensley v. Eckerhart, 461
12 U.S. 424, 434 (1983). In the present case, counsel spent
13 approximately 10 hours prosecuting the case. Lozano-Batista Decl.
14 ¶ 4. The Court finds that such an amount is reasonable in
15 prosecuting a default judgment case.

16 For these reasons, the Court AWARDS attorneys' fees of
17 $2,943.75 and filing and delivery costs of $498.25.[3]
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

---

[3] Counsel also seeks $1,000 in estimated future costs, anticipating "an appearance at the hearing on the motion for default judgment." Lozano-Batista Decl. ¶ 11. This hearing, however, was vacated, and the Court took the matter under submission on the papers. Because counsel provides no other explanation to justify this $1,000, the Court declines to award it.

**IV.  CONCLUSION**

For the foregoing reasons, it is ORDERED, ADJUDGED, and DECREED that:

JUDGMENT shall be entered in favor of Plaintiffs Board of Trustees et al., and against Defendant North Coast Contracting, Inc.  Plaintiffs are AWARDED the following:

1. $4,225.28 in delinquent contributions;
2. $2,899.85 in interest and liquidated damages;
3. $2,943.75 in attorneys' fees; and
4. $498.25 in costs.
5. The injunctive relief sought by Plaintiffs is DENIED.

IT IS SO ORDERED, ADJUDGED, and DECREED.

Dated: December 9, 2008

_____
UNITED STATES DISTRICT JUDGE